UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-00048-TBR
CRIMINAL ACTION NO. 5:20-CR-00022-TBR

**UNITED STATES OF AMERICA**            **PLAINTIFF**

**v.**

**DEKAYVIOUS DUVALL**            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the undersigned Magistrate Judge on Defendant's motions for release pending sentencing. [No. 5:19-CR-00048-TBR-LLK, DN 33; No. 5:20-CR-00022-TBR, DN 8]. On November 3, 2020, the Court conducted a hearing on the motions. Defendant was present in person. Western Kentucky Federal Community Defender Aaron M. Dyke represented Defendant, and Seth A. Hancock represented the United States.

At the conclusion of the hearing, the Court denied Defendant's motions (orally, from the bench).

### Background facts

On October 6, 2020, Defendant pled guilty to distribution of methamphetamine occurring in the Western District of Kentucky (Count 1), distribution of methamphetamine (Count 2), attempted possession with intent to distribute methamphetamine (Count 3), and attempted possession with intent to distribute fentanyl (Count 4). [No. 5:19-CR-00048-TBR, DN 28, 32]. Additionally, on October 6, 2020, Defendant pled guilty to drug offenses occurring in the Middle District of Tennessee, which are before this Court by way of a Rule 20 transfer.[1] [No. 5:20-CR-00022-TBR, DN 1-1, 7]. Defendant's sentencing hearing is set for January 27, 2021. [No. 5:19-CR-00048-TBR, DN 32; No. 5:20-CR-00022-TBR, DN 7].

---

[1] Fed.R.Crim.P. 20(a) provides:
Consent to Transfer. A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:

1

Defendant has been in custody since July 10, 2019.  Audio recording, November 3, 2020 hearing, 3:23:00; 3:48:00.  This is Defendant's first detention hearing.

Defendant seeks release pending sentencing on the theory that he has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).

**Whether there are "exceptional reasons," Section 3145(c), for Defendant's release pending sentencing**

Defendant alleged that he fathered an 11-year-old boy with Ms. Shepherd.  3:24:00.  Thereafter, Defendant and Ms. Shepherd had an amicable relationship, Defendant regularly saw his son, his son regularly saw his half-brothers (Defendant's sons by women other than Ms. Shepherd).  During eleven years, Defendant did not legally establish his paternity.

On February 20, 2020, Ms. Shepherd died unexpectedly.  3:48:00.  Ms. Shepherd's parents (the boy's maternal grandparents) took physical custody of the boy, and they reside in Clarksville, Tennessee.

Defendant alleged that the maternal grandparents informed him that, after he is sentenced, they intend to file an action in Tennessee family court to obtain legal custody of the boy.  3:25:00.

Defendant argued that, despite the likelihood of a long prison sentence, he needs to be free to establish paternity if necessary and to assert his legal rights to visitation, visitation by his parent's (the boy's paternal grandparents), and a role in his son's upbringing, including continued relationship with half-brothers.  Essentially, Defendant fears that if he is not free to initiate legal proceedings between now and sentencing, he and his parents will suffer default judgment and waiver of rights.  3:26:00.  If released, Defendant proposes GPS monitoring and states he would reside in Hopkinsville, Kentucky, with his step-sister, Tanisha Williams.

---

(1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
(2) the United States attorneys in both districts approve the transfer in writing.

2

Defendant argued that the above constitutes "exceptional reasons why [his] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States argued that Defendant failed to identify "exceptional reasons," Section 3145(c), for release and that he did not show it is absolutely necessary (under Tennessee law or otherwise) that he be free to assert some right, which could not be done in another manner. 3:32:00; 3:40:00. Specifically, Defendant failed to show that his legal interests as a prisoner could not be protected by appointment of a guardian ad litem.[2] Though not wanting to appear overly "cynical," the United States noted that Defendant has had eleven years to assert his parental rights, and now, two months before his sentencing, he chooses to do so, with the "convenient" bonus of getting out of jail. 3:47:00.

### Whether Defendant, would be "likely to flee or pose a danger to the safety of any other person or the community if release," Section 18 U.S.C. § 3143(1)(a)

Defendant argued that he is "not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(1)(a). 3:28:00. In support, Defendant noted that, in No. 5:20-CR-00022-TBR, his co-Defendant was released, implying the nature of Defendant's offenses do not warrant detention. He noted that his criminal history reflects only prior drug trafficking offenses, not violence. He noted that he would be motivated not to flee or disobey terms and conditions imposed by the Court because that might count against him at sentencing. 3:30:00.

The United States argued that, if released, there is a lack of "clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(1)(a). 3:35:00. The United States noted that Defendant is inherently a flight risk in light of the nature of the charges, which involve large quantities of methamphetamine and fentanyl. The United States noted that Defendant's Pretrial Services Report, prepared by the United States Probation Officer

---

[2] Additionally, the United States also suggested that the paternal grandparents might be able to pursue visitation on their own, without Defendant's input, but Defendant countered that the grandparents had contacted a lawyer, who told them that paternity must be established before they have standing. 3:42:00.

on August 22, 2019, is "littered" with occasions of Defendant's having committed offenses while on supervised release.[3] 3:36:00. The United States noted that Defendant's most recent supervision began in November 2018 and expired in June 2019 and that several of the offenses listed in the superseding information occurred in February and March of 2019. 3:38:00 referencing No. 5:19-CR-00048, DN 28.

The Court denied Defendant's motion orally, from the bench in light for the reasons identified by the United States and because, due to the COVID-19 shut-downs, it is unclear Defendant's proposed efforts to establish paternity and legal rights between now and the January 27, 2021 sentencing could be successful. 4:28:00.

## Legal standards

The charges to which Defendant pled guilty constitute offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" as contemplated by 18 U.S.C. § 3142(f)(1)(C). Therefore, Defendant is subject to mandatory detention under 18 U.S.C. § 3143(a)(2).[4]

It is not self-evident that a district court has the authority under 18 U.S.C. § 3145(c) to consider whether Defendant established "exceptional reasons" warranting his release pending sentencing – much less "exceptional reasons" overcoming mandatory detention.[5] However, the Sixth Circuit has interpreted

---

[3] For example, on July 3, 2013, the Christian District Court sentenced Defendant to 10 days jail for a misdemeanor probation violation. 3:36:00 referencing Report at p. 5. On July 26, 2013, the Hopkins District Court sentenced Defendant to 30 days jail for operating on a suspended/revoked operator's license. Referencing Report at 5. On July 7, 2015, the Hopkins Circuit Court issued a violation warrant for absconding, and on November 10, 2016, probation supervision was revoked. Referencing Report at p. 6.

[4] Section 3143(a)(2) provides:
The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless --
(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

[5] Section 3145(c) provides:

Section 3145(c) as giving district courts "authority to consider whether [a defendant has] established exceptional reasons under 18 U.S.C. § 3145(c) warranting his release pending sentencing." *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010). The Sixth Circuit remanded "with directions to the district court to consider whether exceptional reasons under 18 U.S.C. § 3145(c) warrant Christman's release pending sentencing." *Id.* at 871.

On remand, the District Court found that, "before the Court may begin the exceptional reasons analysis, the defendant must 'meet[ ] the conditions of release set forth in section 3143(a)(1).'" *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (quoting 18 U.S.C. § 3145(c)). Those conditions of release are that the district court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." Section 3143(a)(1).[6]

The District Court apparently accepted (or assumed for the sake of argument) that Christman satisfied the conditions of release set forth in Section 3143(a)(1). The District Court found, however, that Christman failed to identify "exceptional reasons," Section 3145(c), for release because "at a minimum, exceptional reasons entail a showing that detaining the defendant through sentencing works a particular

---

Appeal from a release or detention order. An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

[6] Section 3143(a)(1) provides:
Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

injustice." *Christman*, 712 F. Supp. 2d at 654. "In addition, even exceptional reasons would not justify release if they are based on nothing more than probability, conjecture, intuition or speculation." *Id.*[7]

The *Christman* cases are consistent with and support the Court's denial of Defendant's motion for release pending sentencing.[8]

### Findings and conclusions

1. Defendant claims he is entitled to release pending sentencing due to "exceptional reasons," 18 U.S.C. § 3145(c).

---

[7] The Court based this narrow interpretation of "exceptional reasons" on principles of statutory construction. Specifically, "[s]ince § 3145(c) is an exception to mandatory detention, care must be taken to ensure that it does not swallow the general rule" of mandatory detention contemplated by § 3143(a)(2). *Id.* at 654. "[C]are must be taken to ensure that relief on account of exceptional reasons does not emasculate § 3143(a)(2)." *Id.* at 655.

[8] Cases from this Court also support the Court's ruling. This Court has entertained requests for release pending sentencing on at least three occasions. In each case, the Court applied principles from the *Christman* cases.

In *United States v. Slack*, after pleading guilty to child pornography charges, Slack filed a motion for release from detention prior to sentencing. No. 3:14-CR-62-CRS, 2015 WL 1248957 (W.D. Ky. Mar. 18, 2015). The Court found that Slack failed to satisfy either the "stringent Section 3143(a)(2) standard" or the "more lenient Section 3143(a)(1) standard," which is a threshold requirement that applies "[b]efore determining whether any 'exceptional reasons' exist." *Id.* at *2. Out of an "abundance of caution," however, the Court found that Slack failed to identify "exceptional reasons," Section 3145(c). *Id.* at *4 (citing *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010)).

In *United States v. Kirby*, after pleading guilty to child pornography charges, the Court ordered the parties to brief the issue of release versus detention pending sentencing. No. 1:15-CR-00024-GNS, 2016 WL 538483 (W.D. Ky. Feb. 9, 2016). Kirby claimed there were "exceptional reasons," Section 3145(c), why his detention would not be appropriate, which were that he had "undertaken treatment for the issues that caused the criminal conduct, that he is presently seeing a psychologist for one-on-one therapy, and that he has been keeping a work book in conjunction with his therapy and working through it." *Id.* at *1. The Court found, based on *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010)), that these reasons were not "exceptional." *Id.* at *2.

In *Brown v. United States*, after pleading guilty, Brown filed a motion for release pending sentencing pursuant to Section 3145(c) because his "mother recently passed away, which left his mentally handicapped sister without direct permanent supervision." No. 3:15-CR-00114-CRS-DW, 2016 WL 7404732, at *1 (W.D. Ky. Nov. 14, 2016) (report adopted). The Court denied the motion due to lack of clear and convincing evidence that Brown was not likely to flee or pose a danger, Section 3143(a)(1), in light of Brown's "extensive violent criminal record" and "frequent probation violations." *Id.* at *2. The Court further found there was "nothing extraordinary or rare about these circumstances that [allegedly] demands Brown's release." *Id.* at *3. In fact, Brown's Aunt, Sharon Brown, testified that she has been caring for Patricia since her mother's passing and throughout Brown's incarceration and is willing and able to continue permanently caring for Patricia in order to fulfill her promise to her late sister. *Id.*

2. Section 3145(c) gives district courts "authority to consider whether [a defendant has] established exceptional reasons under 18 U.S.C. § 3145(c) warranting his release pending sentencing." *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010).

3. However, "before the Court may begin the exceptional reasons analysis, the defendant must 'meet[ ] the conditions of release set forth in section 3143(a)(1).'" *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (quoting 18 U.S.C. § 3145(c)); *see also United States v. Slack*, No. 3:14-CR-62-CRS, 2015 WL 1248957, at *2 (W.D. Ky. Mar. 18, 2015) (Section 3143(a)(1) is a threshold requirement that applies "[b]efore determining whether any 'exceptional reasons' exist.").

4. Section 3143(a)(1) requires Defendant to show "by clear and convincing evidence that [if released, he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

5. Defendant failed to make such a showing. He is inherently a flight risk in light of the nature of the charges, which involve large quantities of methamphetamine and fentanyl. The Pretrial Services Report reflects numerous occasions of Defendant's having committed offenses while on supervised release. *See Brown v. United States*, No. 3:15-CR-00114-CRS-DW, 2016 WL 7404732, at *2 (W.D. Ky. Nov. 14, 2016) (report adopted) (Brown failed to show that, if release, he is not likely to flee or pose a danger in light of his "frequent probation violations."). Defendant's most recent supervision began in November 2018 and expired in June 2019, and several of the charged offenses occurred in February and March of 2019.

6. Out of abundance of caution, the Court considers whether Defendant has identified "exceptional reasons," Section 3145(c).

7. "[A]t a minimum, exceptional reasons entail a showing that detaining the defendant through sentencing works a particular [non-speculative] injustice." *Christman*, 712 F. Supp. 2d at 654; *United*

*States v. Kirby*, No. 1:15-CR-00024-GNS, 2016 WL 538483, at *2 (W.D. Ky. Feb. 9, 2016) (same); *United States v. Slack*, No. 3:14-CR-62-CRS, 2015 WL 1248957, at *2 (W.D. Ky. Mar. 18, 2015) (same).

8.  Defendant failed to make a non-speculative showing that detaining him through sentencing works a particular injustice. Defendant did not show that it is absolutely necessary (under Tennessee law or otherwise) that he be free to assert some legal right, which could not be done in another manner. Additionally, in light of the COVID-19 shut-downs, it is unclear Defendant's proposed efforts to establish paternity and legal rights between now and the January 27, 2021 sentencing hearing could be successful.

**Order**

Therefore, for the reasons stated herein and at the November 3, 2020 detention hearing, the Court DENIES Defendant's motions for release pending sentencing. [No. 5:19-CR-00048-TBR-LLK, DN 33; No. 5:20-CR-00022-TBR, DN 8].

November 9, 2020

Lanny King, Magistrate Judge
United States District Court

P:1/18

8